REQUESTED BY: Senator Samuel K. Cullan Room 807 State Capitol Lincoln, NE 68509
Dear Senator Cullan:
This is in response to your letter of February 1, 1982, in which you indicated that the Public Health and Welfare Committee is currently considering LB 684 which concerns Aid to Dependent Children benefits for unborn children through pregnancy. You stated that recent changes in federal law have prohibited federal funds from being used to provide such benefits until the sixth month and that the Legislature during the 1981 Special Session decided to fund such benefits using state funds. According to your letter, LB 684 proposes to prohibit such benefits until the child is actually born although the federal government will fund such benefits following the sixth month of pregnancy. You indicated that the committee is currently considering an amendment to LB 684 which will continue the ADC benefits which currently exist but will restrict those persons who can receive benefits funded entirely with state funds to those persons who have been Nebraska residents for twelve months prior to application for such benefits. You asked for our opinion on the constitutionality of the residency requirement.
The proposed amendment to LB 684 is constitutionally defective in two regards. First, the amendment proposes a one year residency requirement which is violative of the Equal Protection Clause and consequently it is impermissible in light of the United States Supreme Court decision ofShapiro v. Thompson, 394 U.S. 618 (1969). Secondly, inasmuch as the proposed amendment denies welfare assistance to unborn children after the fifth month of pregnancy, it creates a federal-state legislative conflict and therefore it must fall under the dictate of the Supremacy Clause.
In Shapiro, the United States Supreme Court held the statutory provisions of Connecticut, the District of Columbia, and Pennsylvania which denied welfare assistance to residents who had not resided in their respective jurisdictions for one year prior to their applications for assistance unconstitutional. According to the Court, the residency requirement did not promote a compelling governmental interest merely because it: `. . . (1) facilitates the planning of the welfare budget; (2) provides an objective test of residency; (3) minimizes the opportunity for recipients fraudulently to receive payments from more than one jurisdiction; and (4) encourages early entry of new residents into the labor force.' Id. at 634.
The Court also addressed the argument that Congress had expressly approved the imposition of the residency requirement by the States as part of the AFDC program by enacting section 402(b) of the Social Security Act of 1935, as amended, 42 U.S.C. § 602(b). It disposed of the argument as follows:
 Finally, even if it could be argued that the constitutionality of § 402(b) is somehow at issue here, it follows from what we have said that the provision, insofar as it permits the one-year waiting-period requirement, would be unconstitutional. Congress may not authorize the States to violate the Equal Protection Clause.
394 U.S. at 641.
Consequently, under the Supreme Court's mandate inShapiro, the proposed amendment to LB 684 is unconstitutional since the residency requirement which it proposes creates a classification which denies the equal protection of the laws because the governmental interests served by the classification are not compelling.
Additionally, the denial of welfare assistance to unborn children would be impermissible under the Supremacy Clause due to a federal-state legislative conflict. Under the eligibility requirements of the Department of Health, Education and Welfare, 45 C.F.R. § 233.90(c), unborn children are entitled to receive AFDC benefits. Although it appears as if § 233.90(c) allows the states some leeway to vary from the federal standards, unless there is clear congressional authorization for the exclusion, the states may not exclude persons eligible for assistance under federal standards. The authority for this proposition stems from the language of the United States Supreme Court in Townsendv. Swank, 404 U.S. 282 (1971), wherein it stated at 286:
 King v. Smith 392 U.S. 309 (1968), establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.
As you alluded to in your letter, recent changes in federal law have prohibited federal funds from being used to provide AFDC benefits to unborn children until the sixth month. This can be construed as a clear congressional authorization to exclude unborn children up until the sixth month of pregnancy from eligibility for AFDC. However, there is no congressional authorization to exclude unborns from AFDC eligibility after the fifth month of pregnancy. Any state legislative attempt to do so would clash with federal law in violation of the Supremacy Clause.
To reiterate, the proposed amendment to LB 684 would be held unconstitutional because a similar requirement in a state statute was struck down in Shapiro v. Thompson,394 U.S. 618 (1969), as violative of the equal protection clause. In addition, there has been no congressional authorization to exclude unborns from the receipt of welfare assistance after the fifth month of pregnancy, and any state legislative attempt to do so would fall under the Supremacy Clause.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Royce N. Harper Assistant Attorney General